# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER L. STINE,** | : | **CIVIL ACTION NO. 1:09-CV-0944** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **PENNSYLVANIA STATE POLICE,** | : | |
| **BUREAU OF LIQUOR CONTROL** | : | |
| **ENFORCEMENT; ELAINE M.** | : | |
| **BACKUS; SHANNON ZERANCE;** | : | |
| **MICHAEL ASKEN; DEBRA** | : | |
| **FACCIOLO; DARBY HAND; LINDA** | : | |
| **BONNEY; THOMAS BUTLER,** | : | |
| **JOELLEN COYLE; FRANK E.** | : | |
| **PAWLOWSKI; JEFFREY MILLER;** | : | |
| **JOHN R. BROWN; MARTIN HENRY;** | : | |
| **and MAXINE JOHNSON,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

Plaintiff Christopher Stine ("Stine") brings this action alleging that defendants engaged in unlawful employment practices. The defendants include Stine's former employer, the Pennsylvania State Police, Bureau of Liquor Control Enforcement (the "Bureau"), and various employees and agents of the State Police, named individually. Presently before the court are three motions to dismiss Stine's amended complaint: (1) a motion (Doc. 21) filed by the Bureau, (2) a motion (Doc. 42) filed by defendants Backus, Asken, Facciolo, Hand, Butler, Coyle, Pawlowski, Brown, and Henry, and (3) a motion (Doc. 50) filed by defendants Zerance, Bonney, Miller, and Johnson. For the reasons that follow, the motions will be granted.

## I.    <u>Statement of Facts</u>[1]

Stine, an employee of the Bureau, (Doc. 15 ¶ 24), suffered from symptoms of Attention Deficit Hyperactivity Disorder ("ADHD") and/or Attention Deficit Disorder ("ADD"), which affected his ability to think, concentrate, learn, communicate, interact with others, and express himself.  (<u>Id.</u> ¶¶ 27, 30, 78).  On multiple occasions, Stine requested accommodations for his condition.  (<u>Id.</u> ¶¶ 26, 32, 43, 53).  Stine's requested accommodations related to time, level of supervision, communication of assignments, methods of instruction, training, guidance, and feedback.  (<u>Id.</u> ¶¶ 31, 32).  None of the defendants provided the requested accommodations, nor did they propose alternative accommodations or attempt to determine how to reasonably accommodate Stine's condition.  (<u>Id.</u> ¶¶ 38, 39, 44, 45).

Stine's evaluations and performance reviews noted deficiencies in his work performance.  (<u>Id.</u> ¶¶ 47, 48, 53).  According to Stine, these deficiencies resulted from his ADHD/ADD symptoms.  (<u>Id.</u> ¶¶ 48, 49, 57).  In 2006 and/or 2007, Stine was placed on an interim evaluation period.  (<u>Id.</u> ¶ 50).  In July of 2006, defendants Coyle and Butler advised Stine that he should look for another job.  (<u>Id.</u> ¶¶ 50).  Stine's work environment became hostile.  (<u>Id.</u> ¶ 52).  On or about January 15, 2007, and at other unspecified dates, Stine filed a grievance regarding accommodation-related

---

[1] In accordance with the standard of review for a motion to dismiss, the court will present the facts as alleged in the complaint.  <u>See</u> <u>infra</u> Part II.  However, those portions of the complaint which consist of no more than legal conclusions or a formulaic recitation of the elements of a cause of action have been disregarded. <u>Ashcroft v. Iqbal</u>, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009).

issues.[2]  Stine received notice that his employment with the Bureau was terminated

on or about April 17, 2007.  (Id. ¶ 55).  Stine attributes the defendants'

conduct—including the denials of his accommodation requests, the hostile work

environment, the discipline imposed on him, and his termination—to disability-

based discrimination and retaliation for his protected conduct.  (Id. ¶ 52, 53, 57, 73).

Stine also contends that the defendants—or at least defendant Facciolo—published

information about his employment performance that prevented him from obtaining

employment elsewhere.  (Id. ¶ 71, 87, 92).

Stine filed the instant action on May 19, 2009, and he subsequently filed an

amended complaint.  (See Docs. 1, 15.)  In Count I of the amended complaint, Stine

brings a claim against all defendants pursuant to 42 U.S.C. § 1983, and he alleges

that defendants infringed his rights under the First Amendment, the Fourteenth

Amendment, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213,

and the Pennsylvania Human Relations Act ("PHRA"), 43 PA. CONS. STAT. §§ 951-

963.  Count II presents a claim against the Bureau, for regarding Stine as disabled

and for discriminating against him in violation of § 504 of the Rehabilitation Act of

1973 ("Rehabilitation Act" or "RA"), 29 U.S.C. §§ 791-794e.  Finally, Count III, which

consists of an ADA claim, is brought against the Bureau and against defendants

---

[2] Specifically, the complaint alleges that the grievance filed on January 15,
2007 concerned discipline that was issued to Stine "as a result of Defendants'
discrimination and failure to make reasonable accommodations for [Stine's]
disability."  (Doc. 15 ¶ 54).  It does not specify the date or time period in which the
underlying discipline was issued.  (See id.)

3

Miller and Pawlowski in their official capacities. In Count III, Stine complains that the defendants regarded him as disabled and subjected him to disability-based discrimination.

In three separate motions, (see Docs. 21, 42, 50), all of the defendants have moved to dismiss various portions of Stine's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion to dismiss filed by the Bureau (Doc. 21), and the motion filed by defendants Backus, Asken, Facciolo, Hand, Butler, Coyle, Pawlowski, Brown, and Henry (Doc. 42), also invoke Rule 12(b)(1). The issues have been fully briefed and are now ripe for disposition.

## II.    Standard of Review

### A.    Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a complaint for "lack of subject-matter jurisdiction." FED. R. CIV. P. 12(b)(1). A motion to dismiss under Rule 12(b)(1) therefore challenges the power of a federal court to hear a claim or case. See Petruska v. Gannon Univ., 462 F.3d 294, 302 (3d Cir. 2006). In the face of a 12(b)(1) motion, the plaintiff has the burden to "convince the court it has jurisdiction." Gould Elecs., Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000); see also Kehr Packages v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991) ("When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion.").

Motions under Rule 12(b)(1) may take one of two forms. A "facial" attack "contests the sufficiency of the pleadings." Common Cause of Pa. v. Pennsylvania, --- F.3d ---, 2009 WL 467171, at *4-5 (3d Cir. Feb. 26, 2009) (quoting Taliaferro, 458 F.3d at 188). The court assumes the veracity of the allegations in the complaint but must examine the pleadings to ascertain whether they present an action within the court's jurisdiction. United States ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 514 (3d Cir. 2007). The court should grant such a motion only if it appears with certainty that assertion of jurisdiction would be improper. Empire Kosher Poultry, Inc. v. United Food & Commercial Workers Health & Welfare Fund of Ne. Pa., 285 F. Supp. 2d 573, 577 (M.D. Pa. 2003); see also Kehr Packages, 926 F.2d at 1408-09. If the complaint is merely deficient as pleaded, the court should grant leave to amend before dismissal with prejudice. See Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

In contrast, a "factual" attack argues that, although the pleadings facially satisfy jurisdictional prerequisites, one or more of the allegations is untrue, rendering the controversy outside of the court's jurisdiction. Carpet Grp. Int'l v. Oriental Rug Imps. Ass'n, Inc., 227 F.3d 62, 69 (3d Cir. 2000); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). In such circumstances, the court is both authorized and required to evaluate the merits of the disputed allegations because "the trial court's . . . very power to hear the case" is at issue. Mortensen, 549 F.2d at 891; see also Atkinson, 473 F.3d at 514. In the motion *sub judice*, defendants present a facial attack on the court's subject matter jurisdiction.

5

## B. **Rule 12(b)(6)**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a two-step inquiry. In the first step, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Fowler v. UPMC

6

<u>Shadyside</u>, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." <u>Ashcroft v. Iqbal</u>, --- U.S. ---, 129 S. Ct. 1937, 1950 (2009) (citing <u>Twombly</u>, 550 U.S. at 556); <u>Twombly</u>, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, --- U.S. at ---, 129 S. Ct. at 1949. When the complaint fails to establish defendant liability, however, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002); <u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000).

**III.** **Discussion**

In its motion to dismiss (Doc. 2) and supporting brief (Doc. 23), the Bureau contends that Stine's claims under § 1983 and the ADA are barred by the Eleventh Amendment, and that Stine fails to state a claim under § 1983 insofar as he seeks a remedy for violations of the ADA and the PHRA. In addition, all of the individually-named defendants raise the following arguments for partial dismissal of Stine's § 1983 claim: first, that Stine's First Amended Complaint (Doc. 15) fails to state a claim for violations of the ADA, the RA, and the PHRA; and second, that it fails to state a claim for due process violations. (<u>See</u> Docs. 42, 50). Finally, defendants Backus, Asken, Facciolo, Hand, Butler, Coyle, Pawlowski, Brown, and Henry also

argue that Stine fails to state a claim for damages against defendant Pawlowski pursuant to § 1983 or the ADA.  (See Doc. 42 ¶ 3).  The court will discuss the these issues *seriatim*.

### A.     Eleventh Amendment Bar to § 1983 Claims Against the Commonwealth and it Agencies

Defendant, the Pennsylvania State Police, Bureau of Liquor Control Enforcement, asserts that Stine's allegations arising under § 1983 are barred by the Eleventh Amendment.  (Docs. 23, 36).  The Eleventh Amendment provides a jurisdictional bar to private federal litigation against a state and its agencies.[3]  Hans v. Louisiana, 134 U.S. 1, 15-16 (1890) (holding that the Eleventh Amendment bars citizens from bringing suit against their own state in federal court); see also Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 72-73 (2000); Lombardo v. Pennsylvania, 540 F.3d 190, 194-95 (3d Cir. 2008).   Hence, the Bureau invokes Rule 12(b)(1) in this portion of its motion to dismiss, and it argues that it is immune from suit under the Eleventh Amendment as an arm of the Commonwealth of Pennsylvania.  (See Doc. 23 at 3).

---

[3] The Eleventh Amendment provides:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

Stine claims that the Bureau's defense is without merit because "the policies adopted and alleged are not the policies of the Commonwealth, as adopted by the legislature, executive, and courts." (Doc. 31 at 4). Stine presents no legal authority to support his position on this issue, and the court finds his argument to be meritless.

The Bureau, as a state agency, is entitled to the protections afforded to the Commonwealth by the Eleventh Amendment. See Williams v. Pa. State Police - Bureau of Liquor Control Enforcement, 108 F. Supp. 2d 460, 465 (E.D. Pa. 2000) ("[T]he Bureau [of Liquor Control Enforcement], which is part of the Pennsylvania State Police and a state agency of the Commonwealth of Pennsylvania, is immune from suit[.]"); see also Kidd v. Pennsylvania, No. Civ. 97-5577, 1999 WL 391496 at *4 (E.D. Pa. May 20, 1999) (holding that the doctrine of sovereign immunity under the Eleventh Amendment barred certain claims against the defendants, including the Bureau of Liquor Control Enforcement). Therefore, the Court finds that the Bureau has sovereign immunity, as a agency of the Commonwealth.

Eleventh Amendment sovereign immunity is subject to three basic exceptions: (1) Congress may specifically abrogate a state's sovereign immunity by exercising its enforcement power under the Fourteenth Amendment; or (2) a state may waive its sovereign immunity by consenting to suit; or (3) under Ex Parte Young, a state official may be sued in his/her official capacity for prospective injunctive relief. Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 670 (1999); Koslow v. Pennsylvania, 302 F.3d 161, 168 (3d Cir. 2002);

<u>Hindes v. FDIC</u>, 137 F.3d 148, 165 (3d Cir. 1998). The Bureau claims that Stine's § 1983 claims do not fall under the exceptions to Eleventh Amendment immunity. The court agrees. First, it is well settled that Congress did not intend to abrogate the states' sovereign immunity by enacting § 1983. <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 66 (1989). Secondly, Pennsylvania has unequivocally withheld its consent to such suits. <u>See</u> 42 Pa. Cons. Stat. § 8521(b); <u>see also</u> <u>Lombardo</u>, 540 F.3d at 196 n.3; <u>Laskaris v. Thornburgh</u>, 661 F.2d 23, 25 (3d Cir. 1981). Lastly, the <u>Ex Parte Young</u> exception to the Eleventh Amendment's jurisdictional bar is inapplicable to Stine's claim against the Bureau because it applies only to officials, not to state agencies. <u>See</u> <u>Ex Parte Young</u>, 209 U.S. 123 (1908).[4] The court will therefore dismiss Stine's § 1983 claim against the Bureau and deny leave to amend as futile. Accordingly, the court need not reach the Bureau's argument that § 1983 does not provide Stine with a remedy for an alleged infringement of his rights under the ADA or the PHRA against the Bureau.

---

[4] In <u>Hindes v. FDIC</u>, the Third Circuit articulated "[t]he principle which emerges from <u>Young</u> and its progeny" as follows: "a state official sued in his official capacity for prospective injunctive relief is a person within section 1983, and the Eleventh Amendment does not bar such a suit." <u>Hindes v. FDIC</u>, 137 F.3d 148, 165 (3d Cir. 1998). Therefore, because the <u>Ex Parte Young</u> exception applies only to state officials and not to state agencies, the exception has no applicability to Stine's claim against the Bureau. The Pennsylvania State Police and its operational divisions (the Bureau of Liquor Control Enforcement), as an arm of the Commonwealth, enjoy sovereign immunity under the Eleventh Amendment. <u>See</u> <u>Pa. State Troopers Assoc. v. Pennsylvania</u>, 2007 WL 853958 * 4 (M.D. Pa. March 20, 2007) (citing <u>Pa. State Police v. Klimek</u>, 839 A.2d 1173, 1174 n.1 (Pa. Commw. Ct. 2003)).

### B. Eleventh Amendment Bar to ADA Claims Against the Commonwealth and it Agencies

The Bureau avers that the Eleventh Amendment bars Stine's ADA claim

arising out of alleged employment discrimination.  In his amended complaint (Doc.

15), Stine alleges his cause of action under Title II of the ADA.[5]  However, Title II of

the ADA does not create a cause of action for employment discrimination.  <u>Pa. State

Troopers Assoc. v. Pa.</u>, 2007 WL 1276914 *5 (M.D. Pa. May 1, 2007) (citing

<u>Zimmerman v. Or. Dep't of Justice</u>, 170 F.3d 1169, 1178 (9th Cir. 1999)); <u>Hemby-

Grubb v. Indiana Univ. Of Pa.</u>, 2008 WL 4372937 * 6-7 (W.D. Pa. Sept. 22, 2008);

<u>Nelson v. Pa. Dep't of Pub Welfare</u>, 244 F. Supp. 2d 382, 388-89 (E.D. Pa. 2002);

<u>Koslow v. Pa</u>, 158 F.Supp.2d 539, 542 (E.D. Pa. 2001) (noting that the Third Circuit

---

[5] Title I of the ADA in relevant part provides:

> "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement or discharge of employees, employee compensation, job training, and other terms, conditions and privileges *of employment*."

42 U.S.C. § 12112 (emphasis added).

Title II of the ADA provides in relevant part:

> "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be *denied benefits of the services, programs or activities of a public entity* or be subjected to discrimination by any such entity."

42 U.S.C. § 12121 (emphasis added).

has not addressed this issue).  Title II provides no relief on an employment-related

claim,[6] and the court will grant defendants' motion to dismiss this claim.

## C.    Enforcement of the ADA and PRHA under § 1983

Defendants Backus, Asken, Facciolo, Hand, Butler, Coyle, Pawloski, Brown,

Henry, Zerance, Bonney, Miller, and Johnson move to dismiss Stine's § 1983 claims

against them individually[7] under Rule 12(b)(1) and (6).[8]  (Docs. 42, 50).  Defendants

aver that Stine is not entitled to relief under § 1983 insofar as the ADA provides the

---

[6]  When Congress includes particular language in one section of a statute, but
not in another section of the same statute, a court may presume that Congress
Acted intentionally to include or exclude the language.  Russello v. United States,
464 U.S. 16, 23 (1983).  Title I of the ADA provides an extensive legislative scheme to
prevent employment discrimination against person with disabilities, whereas, Title
II contains no language which suggests any Congressional intent to remedy
employment discrimination.  See Pa. State Troopers Assoc. v. Pennsylvania, 2007
WL 853958 *7 (M.D. Pa. March 20, 2007).  Therefore, this court agrees with the
Hemby-Grubb court's observation that "[i]t would be a tortured reading of the ADA
as a whole to construe that after covering employment in Title I, Title II likewise
was intended to encompass employment actions without explicitly saying so,"
Hemby-Grubb v. Indiana Univ. Of Pa., 2008 WL 4372937 *7 (W.D. Pa. Sept. 22,
2008).  Interestingly, and with direct relevance to Stine's arguments in the matter at
bar, the Hemby-Grubb court opined that a plaintiff who pleaded Title II claims
where Title I claims were appropriate was presumptively doing so to avoid the
doctrine of sovereign immunity.  Hemby-Grubb, 2008 WL 4372937 at * 6-7.

[7]  Stine is unable to obtain damages from any of the defendants named in
their official capacity under § 1983.  Defendants acting in their official capacity are
not "persons" under § 1983.  See Will v. Michigan Dept. of State Police, 491 U.S. 58,
71 (1989).

[8]  Defendants Backus, Asken, Facciolo, Hand, Butler, Coyle, Pawloski,
Brown, and Henry bring their motion pursuant to Rule 12 (b)(1) and (6).  (Doc. 42).
Defendants Zerance, Bonney, Miller, and Johnson bring their motion only pursuant
to Rule 12 (b)(6). (Doc. 50).

exclusive remedies for violations of rights created by the ADA, and insofar as the

PHRA, as a state act, does not create rights that can be enforced under § 1983.[9]

Under § 1983, "[a plaintiff] must demonstrate a violation of a right secured by

the Constitution and the laws of the United States [and] that the alleged deprivation

was committed by a person acting under color of state law." Mark v. Borough of

Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995) (citing Moore v. Tartler, 986 F.2d 682, 685

(3d Cir. 1993)). A remedy under § 1983 will only be provided where a plaintiff

asserts a violation of a federally created or defined right. See Blessing v. Freestone,

520 U.S. 329, 340 (1997) (citing Golden State Transit Corp. v. Los Angeles, 493 U.S.

103, 106 (1989). Once a plaintiff demonstrates entitlement to a federally created

individual right, a rebuttable presumption is created that the averred right is

enforceable under § 1983. Freestone, 520 U.S. at 341.

Congress may foreclose enforcement of an individual right under § 1983 in

two ways: (1) Congress may expressly deny relief under § 1983 in the statute; or

(2) Congress may impliedly deny relief under § 1983 by creating a comprehensive

enforcement scheme that is incompatible with individual enforcement under

§ 1983. Livadas v. Bradshaw, 512 U.S. 107, 133 (1994).

The question presently before the court is whether Congress intended the

ADA to provide the exclusive source of relief to remedy unlawful employment

_____

[9] Defendants also aver that Stine failed to state a claim under § 1983 to
enforce the RA. Stine does not allege violations of the RA in Count I, and therefore,
this court need not address the merits of defendants' argument on this point.

discrimination falling under the act.  The Third Circuit has not provided guidance

on this point with respect to Title I of the ADA.[10]  However, a great weight of

authority supports the position that the ADA does in fact provide a comprehensive

enforcement mechanism for protection of the rights created by the statute.  See

Metzgar v. Lehigh Valley Housing Auth., 1999 WL 562756, at *4 (E.D. Pa. July 27,

1999) (citing Pona v. Cecil Whittaker's, Inc., 155 F.3d 1034, 1037 (8th Cir. 1998), cert

denied, 143 119 S. Ct. 1805 (1999)); Holbrook v. City of Alpharetta, 112 F.3d 1522,

1530 (11th Cir. 1997); Davis v. Francis Howell Sch. Dist., 104 F.3d 204, 206 (8th Cir.

1997) (holding that Title II of the ADA precluded actions against defendants acting

in their individual capacities); see also Taylor v. Altoona Area Sch. Dist., 513

F.Supp.2d 540, 562-63 (W.D. Pa. 2007).  The ADA provides an elaborate

administrative scheme, which is evidence of Congressional intent to foreclose

reliance on § 1983 to enforce rights under the ADA.  See Smith v. Robinson, 468

U.S. 992, 1001-02 (1984).

The well-reasoned opinions of several circuit courts of appeal are in

agreement with this conclusion.  For instance, in Holbrook, the Eleventh Circuit

concluded that the ADA provided a comprehensive remedial framework that

addressed every aspect of a plaintiff's potential claim under § 1983.  Holbrook, 112

---

[10]  In A.W. v. Jersey City Public Schools, 486 F.3d 791 (3d Cir. 2007), the Third
Circuit sitting en banc determined that violations of Title II were not actionable
under § 1983.  The court addressed a plaintiff's discrimination claims involving the
provision of proper accommodations by a government agency, not an employment-
related claim such as that presented in the instant matter.

F.3d at 1531. In rejecting § 1983 enforcement of the ADA, the court held that to permit a plaintiff both avenues of redress would afford plaintiff "two bites at precisely the same apple," which is patently inconsistent with Congressional intent. Id.

Stine brought this action under § 1983 alleging that defendants violated his rights created under the ADA. However, Congress foreclosed the use of § 1983 as a vehicle for such a claim by providing Stine with an exhaustive remedy under the ADA. Therefore, the court will dismiss Stine's claims under § 1983 against defendants Backus, Asken, Facciolo, Hand, Butler, Coyle, Pawloski, Brown, Zerance, Bonney, Miller, Johnson, and Henry alleging the deprivation of rights created under the ADA, and it will deny leave to amend as futile.

Individual defendants Backus, Asken, Facciolo, Hand, Butler, Coyle, Pawloski, Brown, Zerance, Bonney, Miller, Johnson, and Henry also assert that Stine fails to state a claim under § 1983 to enforce rights under the PHRA. Section 1983 is not available to plaintiffs seeking to enforce rights guaranteed by state law. See Paul v. Davis, 424 U.S. 693, 698 (1976). Stine contends that the PHRA mirrors the rights assured by the ADA, and as a result, his rights under the PHRA should be enforceble via § 1983. Stine does not support this argument by precedent, as none exists. Therefore, Stine is unable to state a claim on which relief may be granted, and Stine's § 1983 claim alleging violations of the PHRA will be dismissed. The court will also deny leave to amend as futile.

**D.** **Claim for Damages Against Defendant Pawlowski Acting in his Official Capacity**

Defendants petition the court to dismiss the ADA and § 1983 claims in which Stine seeks damages against Pawloski in his official capacity. In Hindes v. FDIC, the Third Circuit interpreted the relevant principles defined in Ex Parte Young to dispose of this matter. Hindes v. FDIC, 137 F.3d 148, 165 (3d Cir. 1998) (citing Ex Parte Young, 209 U.S. 123 (1908)). In Hindes, the Third Circuit held that when a state official is sued in his or her official capacity, and when the remedy sought is injunctive relief, then the official, in his or her official capacity, is a person under § 1983. Under this defined set of circumstances, a § 1983 suit is not barred by sovereign immunity under the Eleventh Amendment. Hindes, 137 F.3d at 165-66 (citing Hafer v. Melo, 502 U.S. 21, 27 (1991)); Will v. Dept. of State Police, 491 U.S. 58, 71 n.10 (1989); Kentucky v. Graham, 473 U.S. 159, 167 (1985); (Quern v. Jordan, 440 U.S. 332 (1979); see also McCauley v. Univ. of the V.I., 2010 WL 3239471 * 5 (3d Cir. 2010) (holding that when a suit is filed against an official in their official capacity, relief is limited to injunctive relief, to prevent future violations of a protected right) (citing Will v. Mich. Dep't. of State Police, 491 U.S. 58, 71 n.10 (1989)). In the present matter, Stine asks for damages *and* injunctive relief against Pawloski. Based on the holding of Ex Parte Young and its progeny, Stine's available relief is limited to prospective injunctive relief, and therefore, the pending motion will be granted insofar as Stine seeks damages against Pawlowski under § 1983. Leave to amend will be denied as futile.

Defendants also argue that Stine may not pursue a damages claim against Pawlowski under the ADA. The court agrees. The ADA does not create individual liability for damages. <u>Zimmerman v. Biehler</u>, 2009 WL 4793746 at *4 (M.D. Pa. Dec. 8, 2009) (holding that there is no liability under the ADA against individuals who do not otherwise qualify as an entity covered by the ADA (e.g., an "employer")); <u>see</u> <u>Emerson v. Thiel Coll.</u>, 296 F.3d 184, 189 (3d Cir. 2002) ("individuals are not liable under Title I and II of the ADA"). The court will dismiss this claim and deny leave to amend as futile.

### E. <u>Plaintiff's Claims for Relief Under the Fourteenth Amendment</u>

Stine claims that defendants deprived him of his rights under the Fourteenth Amendment's Due Process Clause.[11] In order to state a claim under § 1983 for an alleged violation of Fourteenth Amendment procedural due process rights, a plaintiff must allege (1) that he was deprived of a constitutionally protected interest, and (2) that the procedures used to deprive him of that right inadequately provided due process of law. <u>See</u> <u>Hill v. Borough of Kutztown</u>, 455 F.3d 225, 233-34 (3d Cir.

_____

[11] In his amended complaint (Doc. 15), Stine merely alleges violations of the Due Process Clause; he does not allege Equal Protection Clause violations. Inexplicably, he attempts to resurrect an equal protection argument in his brief in opposition to the pending motion. (Doc. 54 at 8-12). Fundamentally, in order to raise an equal protection claim, a plaintiff must allege that he has been intentionally treated differently from others who are similarly situated, and that the difference in treatment had no rational basis. <u>Vill. of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000). Stine's amended complaint does not address whether Stine was intentionally treated differently than others who were similarly situated, nor does it address whether there was a rational basis for such treatment. Therefore, Stine's Fourtheeth Amendment claim is limited to the alleged due process violation raised in his amended complaint.

2006).  Here, plaintiff alleges that he was deprived both of his property interest in his government employment, and his liberty interest to his reputation.[12]

The court, having viewed all factual allegations of the amended complaint as true, and having construed the amended complaint in the light most favorable to Stine, cannot find that Stine is entitled to relief under this claim.  See Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).  In essence, Stine fails to state a claim which is more than merely a "[c]onclusory allegation[] of liability" See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009).  He fails to plead facts establishing that due process was not afforded to him when his constitutional interest were allegedly violated.  Stine claims that his internal process was "flawed from the beginning," but he does not assert that any defendant failed to conduct an individualized review of his alleged disability.  Stine's allegations are essentially based on the belief that defendants' determination of whether he was disabled was incorrect.  Therefore, on the face of his amended complaint, Stine fails to present facts that raise a plausible inference that defendants inflicted a legally cognizable harm on him.  See id. at 1949.  Defendants' motions to dismiss Stine's due process claims will be granted. Stine shall be permitted to file a motion for leave to amend this claim.

---

[12] Defamation is a claim sounding in tort law, which does not, by itself, rise to the level of a constitutional deprivation.  Siegert v. Gilly, 500 U.S. 226, 233 (1991); Kelly v. Borough of Sayrevill, 107 F.3d 1073 (3d Cir. 1997) (holding that averments of actions of an employer which lead to the possible loss of employment does not constitute a tangible interest, and is "patently insufficient" to state a due process claim).

## IV.    Conclusion

For the foregoing reasons, the court will dismiss the following claims: all claims made against the Pennsylvania State Police, Bureau of Liquor Control Enforcement, including claims under 42 U.S.C. § 1983, the ADA, and the PHRA; claims against defendants Backus, Asken, Facciolo, Hand, Butler, Coyle, Pawloski, Brown and Henry under § 1983 seeking to enforce the ADA and the PHRA; claims against defendants Zerance, Booney, Miller, and Johnson Stine's rights under § 1983 seeking to enforce the ADA and the PHRA; claims for damages alleged against Pawloski under § 1983 or the ADA, and all claims against all defendants for violations of the Due Process Clause of the Fourteenth Amendment.

 S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:       November 2, 2010

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTOPHER L. STINE,             :   CIVIL ACTION NO. 1:09-CV-0944
                                  :
                    Plaintiff     :   (Judge Conner)
                                  :
        v.                        :
                                  :
PENNSYLVANIA STATE POLICE,        :
BUREAU OF LIQUOR CONTROL          :
ENFORCEMENT; ELAINE M.            :
BACKUS; SHANNON ZERANCE;          :
MICHAEL ASKEN; DEBRA              :
FACCIOLO; DARBY HAND; LINDA       :
BONNEY; THOMAS BUTLER,            :
JOELLEN COYLE; FRANK E.           :
PAWLOWSKI; JEFFREY MILLER;        :
JOHN R. BROWN; MARTIN HENRY;      :
and MAXINE JOHNSON,               :
                                  :
                    Defendants    :

## ORDER

AND NOW, this 2nd day of November, 2010, upon consideration of the

motion to dismiss (Doc. 21) filed by the Pennsylvania State Police, Bureau of Liquor

Control Enforcement, the motion to dismiss (Doc. 42) filed by defendants Backus,

Asken, Facciolo, Hand, Butler, Coyle, Pawlowski, Brown, and Henry, and the

motion to dismiss (Doc. 50) filed by defendants Zerance, Bonney, Miller, and

Johnson, and for the reasons set forth in the accompanying memorandum, it is

hereby ORDERED that:

    1.    The motions (Docs. 21, 42, 50) are GRANTED.

a. The motion (Doc. 21) filed by the Bureau is GRANTED. Stine's claims against the Bureau under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), and the Pennsylvania Human Relations Act ("PHRA") are DISMISSED. Leave to amend is denied as futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

b. The motion (Doc. 42) filed by defendants Backus, Asken, Facciolo, Hand, Butler, Coyle, Pawloski, Brown and Henry (Doc. is GRANTED. Stine's claims against these defendants under 42 U.S.C. § 1983 for alleged violations of Stine's rights under the ADA, the PHRA, and the Fourteenth Amendment Due Process Clause are DISMISSED. With respect to each of these claims, except for Stine's due process claims, leave to amend is denied as futile. Grayson, 293 F.3d at 108. Furthermore, Stine's claims for damages against Pawloski under 42 U.S.C. § 1983 and the ADA are DISMISSED. Leave to amend is denied as futile. Grayson, 293 F.3d at 108.

c. The motion (Doc. 50) filed by defendants Zerance, Bonney, Miller, and Johnson is GRANTED. Stine's claims against these defendants under 42 U.S.C. § 1983 for alleged violations of Stine's rights under the ADA, the PHRA, and the Fourteeth Amendment Due Process Clause are DISMISSED. With respect to each of these claims, except for Stine's due process claims, leave to amend is denied as futile. Grayson, 293 F.3d at 108.

2. Stine shall be permitted to file, on or before November 19, 2010, a motion for leave to amend and a brief in support thereof, in order to reassert § 1983 claims against the individually-named defendants for alleged violations of Stine's due process rights. Any such motion shall include the proposed amendments. The brief in support shall include citations to applicable and controlling law demonstrating the validity of the due process claims in light of the proposed amendments. Absent such a filing, this case will proceed on the remaining claims.

3. A revised pretrial and trial schedule will be issued by future order of court.

　S/ Christopher C. Conner　
CHRISTOPHER C. CONNER
United States District Judge