UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER L. STINE, | : | |
| Plaintiff | : | NO.: 1:09-CV-00944 |
| | : | |
| v. | : | (JUDGE CONNER) |
| | : | (MAGISTRATE JUDGE PRINCE) |
| PENNSYLVANIA STATE POLICE, | : | |
| BUREAU OF LIQUOR CONTROL | : | |
| ENFORCEMENT; ELAINE M. | : | |
| BACKUS; SHANNAN ZERANCE; | : | |
| MICHAEL ASKEN; DEBRA | : | |
| FACCIOLO; DARBY HAND; LINDA | : | |
| BONNEY; THOMAS BUTLER; | : | |
| JOELLEN COYLE; FRANK E. | : | |
| PAWLOWSKI; JEFFREY MILLER; | : | |
| JOHN R. BROWN; MARTIN HENRY; | : | |
| and MAXINE JOHNSON, | : | |
| Defendants | : | |
| | : | |

## **REPORT AND RECOMMENDATION**

Pursuant to an Order entered on April 11, 2011 (Doc. 77), Honorable Christopher C. Conner referred defendants' motion to dismiss (Doc. 65) to the undersigned Magistrate Judge for the purpose of preparing a Report and Recommendation.

**I. Background**

This case arises out of the manner in which plaintiff Christopher L. Stine's employment with defendant Pennsylvania State Police, Bureau of Liquor Control Enforcement (BLCE) was terminated. Although the complaint contains claims under several state and federal laws, the only claims being challenged in the pending motion are those under the Due Process Clause of the Fourteenth Amendment. The facts will be reviewed only as necessary for discussion of the Due Process Clause issues presented.

*(A) Facts of the case*

Because the Court is reviewing a motion to dismiss, the facts as stated are drawn from the complaint and taken as true for the purpose of this motion.

Stine was a BLCE employee whose position was covered under a collective-bargaining agreement that required good cause for employment termination. (Compl. ¶¶ 24, 78, Doc. 64.) He suffered from Attention Deficit Hyperactivity Disorder (ADHD) or Attention Deficit Disorder (ADD), for which he repeatedly sought reasonable accommodations under the Americans with Disabilities Act of 1990 (ADA). (*Id.* ¶¶ 27, 26, 32.) The BLCE and the other defendants repeatedly, consistently, and summarily rebuffed Stine's requests, without which Stine was unable to satisfactorily perform his work-related duties. (*Id.* ¶¶ 44, 47, 48.) Stine's supervisors and reviewers noted these performance deficiencies in their reviews of Stine, which had increasingly serious consequences for him: at least once in 2006 or 2007, he was placed on an interim evaluation period; in July 2006, he was told he should start looking for another job; his work environment became hostile; and on April 17, 2007, he received a letter from defendant Linda Bonney telling him that his employment with the BLCE was terminated. (*Id.* ¶¶ 48, 50–52, 55) Stine received no due process either before or after his termination, and the individual defendants failed to follow the BLCE's procedure of instituting a performance-improvement plan. (*Id.* ¶¶ 125(i), (j).) The complaint further suggests that some or all defendants, including at least Debra Facciolo, disseminated information about Stine to other potential employers that stigmatized him and damaged his reputation. (*Id.* ¶¶ 71, 110.)

*(B) Procedural history*

Plaintiff initiated this action with the filing of his complaint on May 19, 2009. (Doc. 1.) The BLCE filed a motion to dismiss in fairly short order (Doc. 8), on July 20,

2

2009, which was mooted (*see* Doc. 16, denying the BLCE's motion as moot) by plaintiff's filing of an amended complaint (Doc. 15) on November 9, 2009. Through three separate motions (Docs. 21, 42, 50) filed by the BLCE and two different groups of individuals, defendants moved to dismiss the amended complaint; after briefing from all parties, the Court issued a memorandum and order on the three motions on November 2, 2010. (Doc. 58.) The order indicated as follows:

- The BLCE's motion (Doc. 21) seeking dismissal of plaintiff's claims against the BLCE under 42 U.S.C. § 1983, the ADA, and the Pennsylvania Human Relations Act (PHRA) was granted, and leave to amend was denied as futile.

- The motion filed by defendants Backus, Asken, Facciolo, Hand, Butler, Coyle, Pawloski, Brown, and Henry (Doc. 42), seeking dismissal of claims against them under § 1983 for alleged violations of plaintiff's rights under the ADA, the PHRA, and the Due Process Clause of the Fourteenth Amendment, was granted. Plaintiff's claims against Pawloski for damages under § 1983 and the ADA were also dismissed. Leave to amend on all claims was denied as futile, except as to plaintiff's due-process claims.

- The motion filed by defendants Zerance, Bonney, Miller, and Johnson (Doc. 50), which like the motion of the other individual defendants sought dismissal of claims against them under § 1983 for alleged violations of plaintiff's rights under the ADA, the PHRA, and the Due Process Clause, was granted. Leave to amend was similarly denied as futile, except as to plaintiff's due process claims.

(Doc. 58.) Upon leave of the Court (Doc. 63) to file a second amended complaint, plaintiff did so (Doc. 64) on January 12, 2011. This complaint alleges claims under the ADA, the PHRA, the Rehabilitation Act, and § 1983 via the First and Fourteenth Amendments. On January 31, 2011, defendants filed a joint motion to dismiss all of

3

plaintiff's Fourteenth Amendment due process claims. (Doc. 65.) Defendants filed a brief in support (Doc. 70); plaintiffs filed a brief in opposition (Doc. 75); and defendants replied (Doc. 76). The motion is now ripe for adjudication.

**II. Standard of Review**

The court's task on a Rule 12(b)(6) motion to dismiss for failure to state a claim is to "determine whether, under any reasonable reading of the pleadings, the plaintiffs may be entitled to relief." *Langford v. City of Atlantic City*, 235 F.3d 845, 847 (3d Cir. 2000). In doing so, all factual allegations and all reasonable inferences drawn therefrom are assumed to be true. *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). The court, however, need not accept as true a complaint's "bald assertions" or "legal conclusions." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997). Thus, a Rule 12(b)(6) motion does not serve to question a plaintiff's well-pleaded facts, but rather tests the legal foundation of the plaintiff's claims. *United States v. Marisol, Inc.*, 725 F. Supp. 833, 836 (M.D. Pa. 1989).

In 2007, the Supreme Court abrogated its longstanding decision in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), which had held that a complaint may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." The Court retired this "no set of facts" language in favor of a new standard: a plaintiff's obligation to state a claim for relief under Rule 8(a)(2) "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As a result of *Twombly*, plaintiffs were required to nudge their claims "across the line from conceivable to plausible." *Id.* at 570. To state a claim that satisfies Fed. R. Civ. P. 8(a)(2), which requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," a complaint must contain factual allegations

sufficient "to raise a right to relief above the speculative level." *Id.* at 555. "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (citing *Twombly*, 550 U.S. at 555 n.3). According to this standard, a court may dismiss a complaint if it fails to "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

Moreover, the Court's more recent decision in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009), held that the pleading requirements of Rule 8 mark "a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Consequently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the complaint should be dismissed. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original).[1]

**III. Discussion**

As mentioned above, defendants have moved to dismiss plaintiff's claims under the Due Process Clause of the Fourteenth Amendment. The second amended complaint contains claims for violations of both substantive and procedural due process; each will be discussed in turn.

---

[1] The Court notes that plaintiff, in her brief opposing dismissal, cites to *Conley* as the leading Supreme Court case on Rule 12(b)(6) motions and makes nary a mention of *Twombly* or *Iqbal*. It may behoove plaintiff's counsel to update her boiler-plate recitation of the 12(b)(6) standard.

5

*(A) Substantive due process*

The Third Circuit has relatively recently explained in concise terms the burden that a plaintiff carries when making a claim under the substantive component of the Due Process Clause for a deprivation of property:

> [A] plaintiff must make two showings. First, the plaintiff must "establish as a threshold matter that he has a protected property interest to which the Fourteenth Amendment's due process protection applies." While the case law concerning which property interests are protected "provides very little guidance," one general principle is clear: "whether a certain property interest" is constitutionally protected "is not determined by reference to state law, but rather depends on whether that interest is 'fundamental' under the United States Constitution." Second, the plaintiff must show that a governmental actor's behavior in depriving him of the interest in question was "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience."

*Desi's Pizza, Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 426–27 (3d Cir. 2003) (internal citations omitted) (quoting *Woodwind Estates, Ltd. v. Gretowski*, 205 F.3d 118, 123 (3d Cir. 2000); *Homar v. Gilbert*, 89 F.3d 1009, 1021 (3d Cir. 1996); *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 140 (3d Cir. 2000); *County of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998)). Substantive due process has a limited reach, and has "for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity." *Albright v. Oliver*, 510 U.S. 266, 272 (1994) (citing *Planned Parenthood of Se. Pa. v. Casey*, 505 U.S. 833, 847–49 (1992)).

Plaintiff argues that the termination of his employment represents a deprivation of a fundamental constitutional right. In support of this proposition he cites *Truax v. Raich*, 239 U.S. 33, (1915), which states: "[T]he right to work for a living in the common occupations of the community is of the very essence of the personal freedom and opportunity that it was the purpose of the [Fourteenth] Amendment to secure." *Id.* at 41 (citations omitted). But as defendants point out, plaintiff has taken this quotation far out of context. *Truax* was not a substantive-due-process case. It did deal with the Fourteenth

6

Amendment, but the issue before the Court was under the equal-protection component, and concerned an Arizona law that required companies doing business in Arizona to have at least eighty percent U.S. citizens in their workforce, under challenge by an Austrian national living in Arizona. *Truax* has no bearing on questions of substantive due process, dealing as it did "with a complete prohibition of the right to engage in a calling." *Conn v. Gabbert*, 526 U.S. 286, 292 (1999) (discussing, *inter alia*, *Truax*). No such "complete prohibition" is at issue here.[2]

Indeed, "substantive rights 'created only by state law (as is the case with tort law and employment law) are not subject to substantive due process protection . . . because substantive due process rights are created only by the Constitution." *Desi's Pizza*, 321 F.3d at 427 (quoting *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1048 (11th Cir. 2002)). The only deprivation of property that plaintiff has alleged as a basis for his substantive-due-process claim is the loss of his property interest in his employment, an interest created under state law, and which is simply not within the ambit of substantive-due-process protections. *See Piecknick v. Commonwealth of Pennsylvania*, 36 F.3d 1250, 1262 (3d Cir. 1994) (citing *Bernard v. United Twp. High Sch. Dist. No. 30*, 5 F.3d 1090, 1092 (7th Cir. 1993)) ("It is the liberty to pursue a particular calling or occupation *and not the right to a specific job* that is protected by the Fourteenth Amendment.") (emphasis added).

---

[2] Plaintiff further argues that he has adequately alleged a violation of substantive due process because the complaint avers "improper motive" and "arbitrary and irrational" action on the part of defendants, citing in support *Midnight Sessions, Ltd. v. City of Philadelphia*, 945 F.2d 667, 683 (3d Cir. 1991). This reliance on *Midnight Sessions* is misplaced, as the "improper motive" standard for substantive-due-process claims has not been used in the Third Circuit for nearly a decade. In *United Artists Theater Circuit, Inc. v. Twp. of Warrington*, 315 F.3d 392 (3d Cir. 2003), the Third Circuit discarded the "improper motive" test, explicitly abrogating *Midnight Sessions*, and instituted in its place the "shocks the conscience" test. *Id.* at 401.

Because plaintiff has not alleged the deprivation of a constitutionally protected fundamental right, it is recommended that plaintiff's claims under the substantive component of the Due Process Clause of the Fourteenth Amendment be dismissed.

*(B) Procedural due process*

The Fourteeenth Amendment prohibits state deprivations of life, liberty, or property without due process of law. *Robb v. City of Philadelphia*, 733 F.2d 286, 292 (3d Cir. 1984). The two-step analysis requires inquiring (1) whether the plaintiff's asserted interests are within the definition of "life, liberty, or property," and (2) whether the procedures afforded the plaintiff constituted due process of law. *Id.*; *accord Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000).

In support of their motion to dismiss, defendants argue that plaintiff "is not complaining that he was *deprived* of anything" (Doc. 70, at 9), and thus has not established any relevant interest that qualifies as life, liberty, or property. Defendants contemporaneously submitted several documents that they indicate are records of the pretermination hearing that plaintiff had, which they contend are sufficient to show that even if plaintiff was due any process, he received it.

Plaintiff insists in his opposing brief that he had a property interest in his employment because the collective-bargaining agreement that governed his employment required good cause for termination. He further objects to the introduction of defendants' "self-serving documents" that "constitute mere recitals," documents that he has not had an opportunity to respond to.

(1) Life, liberty, or property

The creation of property interests cognizable under the U.S. Constitution is a matter not of federal but state law. *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). In *Unger v. Nat'l Residents Matching Program*, 928 F.2d 1392 (3d Cir. 1991), the Third Circuit conducted a review of Supreme Court and Circuit Court jurisprudence and concluded that there are two kinds of contract rights that the Fourteenth Amendment protects: one, where the contract "confers a protected status," and two, where the contract "includes a provision that the state entity can terminate the contract only for cause." *Id.* at 1399 (citing *S & D Maint. Co. v. Goldin*, 884 F.2d 962, 967 (2d Cir. 1988)).

The Court takes it as true for the purposes of the pending motion that plaintiff's employment could only have been terminated for cause. Under *Unger*, plaintiff had a property interest in his employment; when his employment was terminated, he was deprived of this property interest. Plaintiff's allegations that some or all defendants disseminated information about him to prevent him from obtaining other employment also implicates his liberty interest in maintaining his "good name, reputation, honor, [and] integrity."*See Roth*, 408 U.S. at 573 (quoting *Wisconsin v. Constantineau*, 400 U.S. 433, 437 (1971) (describing notice and an opportunity to be heard as "essential" when one's good name or reputation is at stake)). There is no merit to defendants' argument that plaintiff was not deprived of any constitutionally cognizable right.

(2) Due process of law

(a) Documents attached to the motion to dismiss

Defendants argue that the documents they submitted should be accepted at this stage because "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192,


(1) Life, liberty, or property

The creation of property interests cognizable under the U.S. Constitution is a matter not of federal but state law. *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). In *Unger v. Nat'l Residents Matching Program*, 928 F.2d 1392 (3d Cir. 1991), the Third Circuit conducted a review of Supreme Court and Circuit Court jurisprudence and concluded that there are two kinds of contract rights that the Fourteenth Amendment protects: one, where the contract "confers a protected status," and two, where the contract "includes a provision that the state entity can terminate the contract only for cause." *Id.* at 1399 (citing *S & D Maint. Co. v. Goldin*, 884 F.2d 962, 967 (2d Cir. 1988)).

The Court takes it as true for the purposes of the pending motion that plaintiff's employment could only have been terminated for cause. Under *Unger*, plaintiff had a property interest in his employment; when his employment was terminated, he was deprived of this property interest. Plaintiff's allegations that some or all defendants disseminated information about him to prevent him from obtaining other employment also implicates his liberty interest in maintaining his "good name, reputation, honor, [and] integrity."*See Roth*, 408 U.S. at 573 (quoting *Wisconsin v. Constantineau*, 400 U.S. 433, 437 (1971) (describing notice and an opportunity to be heard as "essential" when one's good name or reputation is at stake)). There is no merit to defendants' argument that plaintiff was not deprived of any constitutionally cognizable right.

(2) Due process of law

(a) Documents attached to the motion to dismiss

Defendants argue that the documents they submitted should be accepted at this stage because "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192,

1196 (3d Cir. 1993) (citing, *e.g.*, *Cortec Indus., Inc. v. Sum Holding, L.P.*, 949 F.2d 42, 48 (2d Cir. 1991)). This is an exception to the usual procedure, under which courts adjudicating a motion to dismiss "consider only the allegations contained in the complaint, exhibits attached to the complaint[,] and matters of public record." *Id.* (citing 5A Charles A. Wright & Alan Miller, *Federal Practice and Procedure* § 1357 (2d ed. 1990)). Otherwise, except under certain limited circumstances, considering material outside the pleadings and attachments requires converting the motion to one for summary judgment so that the plaintiff has an opportunity to respond. *Id.* (citing *Cortec*, 949 F.2d at 48). But when "a complaint relies on a document," the plaintiff needs no opportunity to respond because "the plaintiff obviously is on notice of the contents of the document." *Id.* at 1196–97 (citing *Cortec*, 949 F.2d at 48.)

Only "narrowly defined types of material" fit the exception to the rule against considering material outside the complaint and its attachments. *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). In *Pension Benefit*, the defendant submitted a contract as an exhibit when the complaint was "based on [the] contract and describe[d] some of its terms," leading the court to conclude that the contract should be considered on a motion to dismiss. *Pension Benefit*, 998 F.32d at 1196. Similarly, the defendants in *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410 (3d Cir. 1997), submitted a business's 1994 annual report as an exhibit; the complaint made an "unambiguous reference" to figures that would be found in that annual report, but provided no citation that would provided a source for the data that the complaint relied on. *Id.* at 1426. "In the absence of such a citation," the court concluded, "it was reasonable for the district court to have looked to the 1994 Annual Report that defendants provided." *Id.*

*Pension Benefit* and *Burlington Coat Factory* demonstrate that the circumstances under which a defendant's exhibits may be considered on a motion to dismiss are not

present here. In both of these cases, the complaint relied on or made specific reference to documents that were not attached to the complaint. In the case at bar, the documents that defendants submitted are not integral to the complaint, and plaintiff neither relied on nor referred to them in his complaint; rather, they are simply meant to refute plaintiff's claim that he was not afforded due process when his employment was terminated. Plaintiff has not conceded the authenticity of these documents, has not acquiesced in the Court's consideration of them, and has not had an opportunity to respond with evidence of his own.

It is true, as defendants argue, that the documents they submitted are "directly related to the allegations of the complaint." (Doc. 76, at 8.) "Directly related," though, is a far looser standard than a requirement that a complaint rely on a document. Indeed, the majority of evidence that bears on matters in issue will be "directly related" to allegations in the complaint. If all that were required of a document in order for it to be considered on a motion to dismiss—without any opportunity for the plaintiff to respond—were that it be directly related to the complaint, a defendant could present a one-sided case of documentary evidence with undoubted prejudicial effect on the plaintiff. Further, a motion to dismiss is intended only to test the sufficiency of the complaint's allegations. Evidentiary battles are reserved for summary judgment or for trial.

There is no compelling policy-based reason to relax the standard for considering a defendant's documents on a motion to dismiss, and no basis under the current doctrine for considering the documents that the defendant has submitted. These documents will therefore be disregarded.

(b) Adequacy of the procedures afforded plaintiff

Plaintiff seems to argue in his brief opposing dismissal that it is defendants' alleged failure to comply with statutory or regulatory procedural rules that demonstrates that defendants did not afford him adequate procedural protection. This argument ignores

11

the established proposition that state-law procedures do not "acquire a federal constitutional dimension" simply because they are prescribed by state law. *United States v. Jiles*, 658 F.3d 194, 200 (1981) (quoting *Slotnick v. Staviskey*, 560 F.2d 31, 34 (1st Cir. 1977)). Because "minimum [procedural] requirements [are] a matter of federal law," state procedural requirements do not bear on the question of whether particular procedures are constitutionally sufficient. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S 532, 541 (1985) (quoting *Vitek v. Jones*, 445 U.S. 480, 491 (1980)) (alterations in original). In fact, all that constitutional due process requires is "some kind of hearing" that "need not be elaborate." *Id.* at 542 (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 569–70 (1972)); *id.* at 545.

That being said, the complaint clearly alleges that plaintiff was afforded no process either before or after his employment was terminated. Because deprivation of his liberty or property interests required that he be afforded "some kind of hearing" but plaintiff alleges that he was afforded nothing, the complaint pleads a violation of procedural due process sufficient to withstand a motion to dismiss.

## IV. Conclusion

Based on the foregoing discussion, it is recommended that defendants' motion to dismiss plaintiff's claims under the Due Process Clause of the Fourteenth Amendment be GRANTED to the extent that it seeks dismissal of claims for violations of substantive due process, and DENIED to the extent that it seeks dismissal of claims for violations of procedural due process.

<div style="text-align: right">
s/ William T. Prince<br>
William T. Prince<br>
United States Magistrate Judge
</div>

April 19, 2011